*548 OPINION.
Lansdon:
In its brief the petitioner concedes that the additional compensations of officers and stockholders in the amounts of $11,940, paid in 1922 and 1923 respectively, are not proper deductions from gross income for the respective years 1920 and 1921. It remains, therefore, only for us to determine whether such payments may be deducted from the gross income of the petitioner as ordinary and necessary business expenses in 1922 and 1923, respectively.
Since the petitioner abandons its contentions as to the years 1920 and 1921, the Kevenue Act of 1921 is applicable to the situation here. It provides in section 234 as follows:
(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity.
*549 An examination of the statutory provisions upon which the petitioner relies indicates that for Federal tax purposes deductions from income on account of the salaries of officers must be paid or incurred in the taxable year, and must be reasonable compensation for personal services actually rendered. The proof that the amounts in question were authorized by proper corporate action in 1922 and paid in 1922 and 1923 is conclusive and therefore this phase of the controversy requires no discussion.
There remains then only the question of reasonableness. Counsel for the petitioner argues that the Commissioner has not raised this question either as an administrative officer or as the respondent in this proceeding. This may be true but it is also true that the respondent, neither in his answer nor in open court, has admitted the reasonableness of the salaries claimed as deductions in the years 1922 and 1928. He has asserted the deficiencies here in question and the parties are in agreement that the basis for such deficiencies is the disallowance of the amounts alleged to have been paid as additional salaries to the officers of the petitioner in each of the taxable years. It appears, therefore, that petitioner must accept the burden of proving that the additional salaries in question were no more than reasonable compensation for the personal services rendered to the petitioner by the recipients thereof.
The record of this proceeding does not show the petitioner’s invested capital, its annual business turnover in the years involved, its gross or net earnings for such years, or the nature and extent of the personal services rendered by its officers and stockholders. The stipulation does indicate, howrever, that the regular salaries for the years 1922 and 1923 were as follows:
[[Image here]]
If to the above amounts are added the amounts of additional compensation authorized for 1920 and 1921 and paid in 1922 and 1923, the total salaries claimed as deductions for such years as ordinary and necessary business expenses are as follows:
[[Image here]]
*550 We are not impressed by the petitioner’s argument that the question of reasonableness is not involved in this proceeding because it was not the ground upon which the Commissioner disallowed the additional salaries for 1922 and 1923 and because it was not pleaded in the respondent’s answer to the petition herein. In our opinion, regardless of the pleadings, the law makes this question an issue here. In every instance in which we have allowed additional salaries for a given taxable year on account of services rendered in previous years, we have held that the combined regular and additional salaries for such year were no more than reasonable compensation for services rendered. C. H. Simonds Co., 1 B. T. A 105; Van de Kamps Holland Dutch Bakers, 2 B. T. A. 1247; Lihue Plantation Co. Ltd., 2 B. T. A. 740. We have also disallowed such additional compensation where reasonableness has not been shown. W. K. Henderson Iron Works & Supply Co., 6 B. T. A. 92. Upon the record here we are unable to determine that the total deductions claimed on account of salaries for the years 1922 and 1923 were reasonable compensation for the services rendered.

Decision will be entered for the respondent.