THE BARTO CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33474, 40501.   Promulgated January 15, 1931.

*C. L. Stone, Esq.*, and *Joseph A. Barto, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner claims the right to deduct in each of the taxable years the amount of salaries authorized and settled as set forth in our findings of fact, under the identical provisions of section 234 (a) (1) and (2) of the Revenue Acts of 1924 and 1926. The statutory provision relating to salaries contains the following in its enumeration of deductions: "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * * "

The courts and the Board have repeatedly held that in controversies relating to deductions of salaries of officers from gross income, taxpayers must show that the amounts involved are necessary expenses of the trade or business, that they are reasonable compensation for the services rendered, and that they are not, in fact, distributions of profits in the guise of salaries. *United States* v. *Philadelphia Knitting Mills*, 273 Fed. 657; *Model Dairy, Inc.*, 13 B. T. A. 545; *Model Dairy, Inc.*, v. *Commissioner*, 36 Fed. (2d) 768. In the present proceeding the officers, who are all the stockholders of the petitioner, are only three in number, and all are members of the same family group. In a similar situation we have held that the salaries claimed as deductions should be scrutinized carefully to ascertain whether the statutory provisions are satisfied. *McMillan Metal Co.*, 2 B. T. A. 797. In determining the reasonableness of salaries, capital employed, volume of business, amounts of gross and net income, duties discharged, and responsibilities assumed must be considered.

In this proceeding the record shows that in each of the taxable years the petitioner had outstanding capital stock of the par value of $100,000, and that all such stock was owned in undisclosed proportions by the officers whose salaries are here involved. Its gross earnings were small in comparison with its capitalization and volume of business, viz., $21,487.84, $25,484, and $26,742.99, respectively, for

1924, 1925, and 1926. The net income reported, after deducting the salaries in question, was $2,877.35, $3,687.67, and $2,606.30, or an average of only $3,057.10, for the three years. This indicates a return of only 3 per cent per annum on the capital invested, a rate that seems scarcely commensurate with the hazards of the small-loan business. During the period involved there is no evidence that any dividends were paid and it is clear that if the shareholders received anything for the use of their capital it was included in the amounts credited to them as salaries.

T. C. Barto devoted all his time to the business, but the record is vague as to the time devoted to the affairs of the corporation by the other two officers. Ella Barto acted in an advisory capacity only and was authorized to receive salary for 1924, 1925, and 1926 in the respective amounts of $3,200, $4,700, and $1,200, for the respective taxable years. The record shows no reason for the wide disparity between the pay for 1925 and 1926 and, if any existed, it certainly could have had no relation to income-producing service, since the gross profits of the petitioner were greatest in the year in which its vice president received the lowest salary. The secretary, no doubt, rendered service of value, but we are not informed as to the time which he devoted to the affairs of the petitioner or why his stipend varied from $2,300 in 1924 to $5,300 in 1926.

A careful study of the entire record convinces us that the petitioner has not sustained the burden of proof necessary to establish that the deductions claimed are reasonable compensation for the services rendered. *Model Dairy, Inc., supra; Model Dairy, Inc., v. Commissioner, supra; Becker Brothers v. United States,* 7 Fed. (2d) 3; *Botany Worsted Mills v. United States,* 278 U. S. 282; *McMillan Metal Co., supra.*

The respondent also disallowed the deduction of certain amounts which the petitioner alleges it paid as interest on the credit balances of its officers in the years 1924 and 1926, and, as his reason therefor, contends that as such payments were not made by check or in cash in the respective years involved, the petitioner, being on a cash basis, is not entitled to the allowance claimed. The record discloses that at the beginning and end of the years 1924 and 1926, the petitioner was indebted in substantial amounts to each of its officers and that it had agreed to pay interest thereon at the rate of 5 per cent per annum. At the end of such years the interest due each officer was credited to his or her account on the books of the petitioner and simultaneously charged to expense. Doubtless this procedure constituted a discharge of the corporation's obligations to pay interest on its officers' credit balances, but it created other obligations that were not settled by the payment of cash within the taxable years. The fact that the corporation had the means to do that

which it did not do, that is, pay the interest due its several officers at the close of the respective taxable years, is not material. The only question here is whether an obligation was settled in such a way that the petitioner may be allowed deductions of constructive cash payments. The record discloses that the settlement was effected by a series of book entries evidencing credits and debits and that the payment of cash by the petitioner and the receipt of cash by its officers were alike deferred beyond the close of each of the taxable years involved. The Commissioner has determined that there was no cash payment, either actual or constructive. The evidence adduced by the petitioner is not sufficient to overcome the presumption that the Commissioner is correct. See *William D. Huber*, 12 B. T. A. 1; *R. V. Board*, 18 B. T. A. 650.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MURDOCK, SMITH, and STERNHAGEN concur in the result only.

TRAMMELL dissents on the second point.